**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

STEPHEN BEAM, an individual,

Plaintiff,

vs.

DOMANI MOTOR CARS, INC.,
a Florida corporation,

Defendant.
_______________________________/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, Stephen Beam, an individual, sues Defendant, Domani Motor Cars, Inc., a Florida corporation, and alleges:

**GENERAL ALLEGATIONS**

***A. Jurisdiction***

1. The jurisdiction of this Court is established pursuant to the Federal Odometer Act, 49 U.S.C. §32710, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

***B. Allegations as to Parties***

2. At all times material hereto, Plaintiff, Stephen Beam ("Mr. Beam"), was *sui juris* and a resident of Cleveland County, Oklahoma.

3. At all times material hereto, Defendant, Domani Motor Cars, Inc., was a Florida corporation ("Dealership" or "Domani Motors") in Broward County, Florida at 70 SW 10th

Street, Deerfield Beach, Florida 33441.

4. At all times material hereto, the Dealership was in the business of selling and financing used motor vehicles to the public at large in Broward County, Florida.

### *C. Factual Allegations*

#### 1. Description of Fraudulent Advertising Practices of Dealership

##### *a. "Bait and Switch" Advertising*

5. During the several years prior to the filing of the instant action, Mr. Beam had developed a keen interest in so-called "muscle cars" from the late 1960's and 70's. The term "muscle car" is used in the automobile sales industry to refer to a group of American-made two-door sports coupes with powerful engines designed for high performance driving.

6. Over a period of several months, Mr. Beam frequented internet sites of classic car dealerships throughout the United States. In late April 2012, Mr. Beam came upon the website of Domani Motors at *www.domanimotorcars.com* ("Dealership Website").

7. Through the Dealership Website, Domani Motors offered for sale a 1970 Chevrolet Chevelle SS 454, VIN: 136370F169985 ("Chevelle") ("Internet Advertisement").

8. The Chevelle was offered for sale at Twenty Nine Thousand Nine Hundred Dollars ($29,900.00) ("Advertised Purchase Price").

9. Through the Internet Advertisement, Domani Motors represented that the mileage for the Chevelle was 56,537 ("Advertised Mileage").

10. A true and correct copy of the Internet Advertisement printed on February 17, 2012, with Mr. Beam's handwritten notation, is attached hereto and incorporated by reference as Exhibit "A."

11. After reviewing the Internet Advertisement, Mr. Beam contacted the Dealership for the purpose of obtaining additional information concerning the Chevelle.

12. As will be demonstrated more fully below, the Internet Advertisement was a form of "bait and switch" advertising. In the automobile sales industry, "bait and switch" is a form of fraud that involves the "baiting" of a prospective customer by describing a desired feature in a vehicle — such as low mileage — with the intent to "switch" the unsuspecting customer to a vehicle possessing undesirable features — such as high mileage — or worse, an inoperable odometer.

***b. Mileage Misrepresentation by Defendant***

13. In several ensuing discussions with the Dealership, Mr. Beam asked specifically whether the mileage representation in the Internet Advertisement was accurate. In response, the Dealership affirmatively and repeatedly represented that the mileage was 56,537.

14. After brief negotiating on the price for the Chevelle, Mr. Beam agreed to purchase the Chevelle for a purchase price of Twenty Six Thousand Dollars (26,000.00) ("Purchase Price").

15. After Mr. Beam had negotiated the Purchase Price, Domani Motors sent or caused to be sent by telefax to Mr. Beam at his residence in Oklahoma a document entitled "Vehicle Purchase Order" — known more commonly in the automobile sales industry as a "retail buyer's order" ("Initial Buyer's Order").

16. In the Initial Buyer's Order, the Dealership again represented that the mileage was 56,537.

17. In the belief that he was purchasing a low mileage Chevelle at a fair value, Mr.

Beam executed the Initial Buyer's Order and telefaxed same back to Domani Motors.

18. A true and correct copy of the Initial Buyer's Order is attached hereto as Exhibit "B."

19. After Mr. Beam had telefaxed the Initial Buyer's Order to the Dealership, the Dealership informed Mr. Beam that Mr. Beam would need to sign a second contract that was dated for May 8, 2012 — the supposed date of sale.

20. Not suspecting that the Dealership was attempting to defraud him, Mr. Beam executed the second buyer's order "(Second Buyer's Order") pursuant to the request of the Dealership.

21. A true and correct copy of the Second Buyer's Order is attached hereto and incorporated by reference as Exhibit "C."

22. Unbeknownst to Mr. Beam, the Dealership had removed the mileage representation that was contained in the Initial Buyer's Order and inserted at the place designated for "mileage" the word "exempt."

23. After picking up the Chevelle at the place of business of the Dealership, Mr. Beam left the Dealership and after a few miles of driving discovered for the first time that the odometer was stuck at 56,537 miles.

**2. Discovery of Odometer Fraud**

24. After discovering that the odometer of the Chevelle did not work, Mr. Beam contacted the Dealership and inquired as to the reason, if any, for the odometer discrepancy.

25. In response to the inquiry of Mr. Beam, the Dealership acknowledged that the Dealership had knowingly sold Mr. Beam the Chevelle with an inoperable odometer.

26. Upon learning that the Dealership had sold the Chevelle with an inoperable odometer, Mr. Beam demanded that the Dealership refund the Purchase Price and take back the Chevelle.

27. Notwithstanding the fact that the Dealership had sold the Chevelle with an inoperable odometer, the Dealership refused to acquiesce to the demand by Mr. Beam for a recision of the transaction.

28. The refusal of the Defendant to rescind the transaction to purchase the Chevelle is based on the erroneous belief that the Chevelle - a vehicle more than ten (10) years old - was exempt from the requirements of the Odometer Act. Contrary to the position of the Dealership, the other provisions of the Odometer Act such as those dealing with odometer tampering and using a vehicle with an inoperable odometer still apply to the Dealership.

**COUNT I - ACTION FOR VIOLATION OF THE FEDERAL ODOMETER ACT**

29. This is an action for violation of the Federal Odometer Act, also known as the "Federal Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710, *et sequi,* ("Odometer Act" or "Act"), and the regulations promulgated thereunder.

30. Mr. Beam realleges and reaffirms the allegations contained in Paragraphs 1 through 28 above as if set forth hereat in full.

31. At all times material hereto, Domani Motors was a "dealer" as said term is defined under 49 U.S.C. §32702(2).

32. Pursuant to 49 U.S.C. §32703, a person may not *inter alia*:

- disconnect, reset, alter or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer;

- with intent to defraud, operate a motor vehicle on a street, road or highway if the person knows that the odometer of the vehicle is disconnected or not operating; or

- conspire to violate 49 U.S.C. §32703, §32704 or §32705 of the Act.

33. Pursuant to 49 U.S.C. §32704, a person may service, repair or replace the odometer of a motor vehicle if the mileage registered by the odometer remains the same as before the service, repair or replacement. If the milage registered cannot remain the same -

(1) a person shall adjust the odometer to read zero; and

(2) the owner of the vehicle or agent of the owner shall attach written notice to the left door frame of the vehicle specifying the mileage before the service, repair or replacement and the date of service of service , repair or replacement.

34. The Chevelle was operated on streets, roads or highways by Defendant with a disconnected or inoperable odometer with the intent to defraud.

35. By information and belief, the odometer of the Chevelle was either tampered with or was replaced without compliance under the Act by the Defendant.

36. The Dealership has violated the Act in that the Dealership made a false statement to a transferee in violation of 49 U.S.C. §32705(a) and 49 C.F.R. §580.4. See, Owens v. Samkle Automotive, Inc., 425 F.3d 1318 (11th Cir. 2005).

37. As a direct and proximate result of the above-described actions, Defendant violated the Act with the intent to defraud.

38. As a result of the violation of the Act, Defendant is liable to Mr. Beam in an amount equal to three times actual damages or $1,500.00, whichever is greater, plus attorney's fees and costs pursuant to 49 U.S.C. §32710.

39. Mr. Beam reserves the right to amend his pleadings to name additional individual defendants upon ascertaining their identity through discovery.

40. Mr. Beam has retained the undersigned attorney and is obligated to pay said attorney a reasonable fee for his services.

WHEREFORE, Plaintiff, Stephen Beam, an individual, demands judgment against Defendant, Domani Motor Cars, Inc., a Florida corporation, for statutory and actual damages, together with attorney's fees and costs pursuant to 49 U.S.C. §32710.

**COUNT II - ACTION FOR VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

41. This is an action for violation of Florida Statute §501.201, *et sequi,* known more commonly as the "Florida Deceptive and Unfair Trade Practices Act" (the "DUTPA").

42. Mr. Beam realleges and reaffirms the allegations contained in Paragraphs 1 through 28 above as if set forth hereat in full.

***General Allegations***

43. At all times material hereto, Mr. Beam was an "interested party or person" as said term is defined under Florida Statute §501.203(6).

44. By virtue of the acts described above, the Dealership was engaged in "trade or commerce" as said term is defined under Florida Statute §501.203(8).

***Violation of Florida Motor Vehicle License Act***

45. During the course of the sale of the Chevelle, the Dealership violated the requirements of Chapter 320, Florida Statutes, known more commonly as the "Florida Motor Vehicle License Act" by:

   (a) The misrepresentation or false, deceptive, or misleading statements with regard to the financing of the Chevelle in violation of Florida Statute §320.27(9)(b)3; and

(b) The perpetuation of a fraud over Mr. Beam in violation of Florida Statute §320.27(9)(b)13.

46. The failure of the Dealership to comply with the requirements of Chapter 320, Florida Motor Vehicle License Act, is a *per se* violation of the DUTPA pursuant to Florida Statute §501.203(3)(c).

***Violation of Broward County Consumer Protection Code***

47. The transaction to purchase the Chevelle was subject to the requirements of Broward County Ordinance §20-159, known more commonly as the "Broward County Consumer Protection Code" ("BCCPC").

48. The Chevelle was a "consumer good" as said term is defined under §20-160(d) of the BCCPC.

49. The Dealership was a "merchant" as said term is defined under §20-160(f) of the BCCPC.

50. As more particularly described above, the Dealership committed an "unfair or deceptive trade act or practice" as said term is defined under §20-160(i) of the BCCPC, by advertising goods and services not sold as advertised in contravention of §20-160(i)(7) of the BCCPC.

51. The failure of the Dealership to comply with the requirements of the BCCPC is a *per se* violation of the DUTPA pursuant to Florida Statute §501.203(3)(c).

* * *

52. As more particularly described above, the Dealership has engaged in unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statute §501.204(1).

53. It is in the interest of protection of consumers that the Dealership be prohibited and proscribed from further violations of the DUTPA as described above.

54. As a direct and proximate result of the violation of the DUTPA, Mr. Beam has been damaged. The damages of Mr. Beam include but are not necessarily limited to the following:

A. The purchase price of the Chevelle together with all fees , expenses and costs associated with the purchase of same;

B. The cost for repairs to the Chevelle; and

C. The cost of obtaining alternative transportation during the time period necessary for the repair to the Chevelle.

55. Mr. Beam has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Stephen Beam, an individual, demands judgment against Defendants, Domani Motor Cars, Inc., a Florida corporation, for:

A. Compensatory damages; and

B. Attorney's fees and court costs pursuant to Florida Statutes § 501.2105.

**COUNT III - ACTION FOR FRAUD**

56. This is an action for fraud brought herein pursuant to the doctrine of pendent jurisdiction.

57. Mr. Beam realleges and reaffirms the allegations contained in Paragraph 1 through 28 above as if set forth hereat in full.

58. As more fully described above, the Dealership misrepresented material facts concerning the sale of the Chevelle.

59. The Dealership knew that the representations set forth above were false or made such representations recklessly, and the Dealership had no reasonable grounds for believing those representations to be true.

60. The Dealership knew that the above representations and omissions concerning the purchase of the Chevelle were material and important.

61. The Dealership intended to deceive Mr. Beam, who relied upon the misrepresentations and omission to his detriment.

62. As a direct and proximate result of the fraud and non-disclosures by the Dealership, Mr. Beam has been damaged. The damages of Mr. Beam include but are not necessarily limited to the following:

A. The purchase price of the Chevelle together with all fees, expenses and costs associated with the purchase of same;

B. The cost for repairs to the Chevelle; and

C. The cost of obtaining alternative transportation during the time period necessary for the repair to the Chevelle.

WHEREFORE, Plaintiff, Stephen Beam, an individual, demands judgment for damages against Defendant, Domani Motor Cars, Inc., a Florida corporation, together with interest and costs.

**COUNT IV - ACTION FOR NEGLIGENT MISREPRESENTATION**

63. This is an action for negligent misrepresentation brought herein pursuant to the doctrine of pendent jurisdiction.

64. Mr. Beam realleges and reaffirms the allegations contained in Paragraph 1 through 28 above as if set forth hereat in full.

65. As more particularly described above, the Dealership misrepresented and failed to disclose material facts concerning the sale of the Chevelle.

66. The Dealership believed the above statements to be true and to be complete but which were in fact false and incomplete.

67. The Dealership was negligent in making the statements and omissions concerning the sale of the Chevelle. The Dealership should have known that the statements were false.

68. The Dealership, in making the statements concerning the sale and financing of the Chevelle, intended that Mr. Beam rely upon said statements.

69. As a direct and proximate result of the negligent misrepresentation of the Dealership, Mr. Beam has been damaged. The damages of Mr. Beam include but are not necessarily limited to the following:

A. The purchase price of the Chevelle together with all fees , expenses and costs associated with the purchase of same;

B. The cost for repairs to the Chevelle; and

C. The cost of obtaining alternative transportation during the time period necessary for the repair to the Chevelle.

WHEREFORE, Plaintiff, Stephen Beam, an individual, demands judgment for damages

against Defendant, Domani Motor Cars, Inc., a Florida corporation, together with interest and costs.

**COUNT V- ACTION FOR FRAUDULENT INDUCEMENT**

70. This is an action for fraudulent inducement brought herein pursuant to the doctrine of pendent jurisdiction.

71. Mr. Beam realleges and reaffirms the allegations contained in Paragraph 1 through 28 above as if set forth hereat in full.

72. The Dealership induced Mr. Beumel into purchasing the Chevelle by knowingly making misrepresentations of material fact and omitting material facts with the intent that Mr. Beam rely on them to his detriment.

73. The Dealership's misrepresentations of material fact and omissions of material fact were made and omitted with the intent that Mr. Beam rely on them, or be deceived by them to his detriment.

74. Mr. Beam justifiably relied upon the misrepresentations to his detriment and further, had Mr. Beam been advised of the truth, Mr. Beam would not have purchased the Chevelle.

75. As a result of the fraud and deceit by the Dealership, Mr. Beam has been damaged. The damages of Mr. Beam include but are not necessarily limited to the following:

A. The purchase price of the Chevelle together with all fees , expenses and costs associated with the purchase of same;

B. The cost for repairs to the Chevelle; and

C. The cost of obtaining alternative transportation during the time period necessary

for the repair to the Chevelle.

WHEREFORE, Plaintiff, Stephen Beam, an individual, demands judgment for damages against Defendant, Domani Motor Cars, Inc., a Florida corporation, together with interest and costs.

**COUNT VI- BREACH OF EXPRESS WARRANTY**

76. This is an action for breach of express warranty brought herein pursuant to the doctrine of pendent jurisdiction.

77. Mr. Beam realleges and reaffirms the allegations contained in Paragraph 1 through 28 above as if set forth hereat in full.

78. Through the various statements of the Advertised Mileage, including those contained in the Internet Advertisement and Initial Buyer's Order, Domani Motors made an express warranty pursuant to Section 2-313 of the Uniform Commercial Code ("UCC") by both affirmation of fact or promise and by description of goods ("Mileage Warranty").

79. Through its delivery of the Chevelle with mileage greatly in excess of that represented, Domani Motors has breached the express Milage Warranty.

80. As a direct and proximate result of the breach of the express mileage warranty, Mr. Beam has been damaged. The damages of Mr. Beam include but are not necessarily limited to the following:

A. The purchase price of the Chevelle together with all fees , expenses and costs associated with the purchase of same;

B. The cost for repairs to the Chevelle; and

C. The cost of obtaining alternative transportation during the time period necessary

for the repair to the Chevelle.

81. Mr. Beam has performed all conditions precedent to the filing of the instant action.

WHEREFORE, Plaintiff, Stephen Beam, an individual, demands judgment for damages against Defendant, Domani Motor Cars, Inc., a Florida corporation, together with interest and costs.

**DEMAND FOR JURY TRIAL**

Plaintiff, Stephen Beam, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No.: 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
Email: rphyu@aol.com

## 1970 Chevrolet Chevelle SS 454

SO

(866) 666-3362

**$29,900**
**Internet Price**

Exterior: Black

Interior: Black

Stock #: 169985

Engine: 454 CID V8

VIN #: 136370F1699

Transmission: Manu

Mileage: 56,537

All advertised prices exclude government fees and taxes, any finance charges, any dealer document preparation char any emission testing charge. The price for listed vehicles as equipped does not include charges such as: License, Title Registration Fees, State or Local Taxes, Dealer Prep, Smog Fees, Credit Investigation, Optional Credit Insurance, Ph Damage of Liability Insurance, or Delivery Fees. DEALER makes no representations, expressed or implied, to any act prospective purchaser or owner of this vehicle as to the existence, ownership, accuracy, description or condition of the vehicle's equipment, accessories, price, specials or any warranties. Any and all differences must be addressed prior tc sale of this vehicle. Your actual mileage will vary depending on how you drive and maintain your vehicle.

EXHIBIT "A"



# 1970 Chevrolet Chevelle SS 454

Stock: 169985
Color: Black / Black
Vin: 136370F169985
~~Tran: Manual~~
Mileage: 56,537
Engine: 454 CID V8

(866) 666-3362

**$29,900**

Domani Motors
70 SW 10th Street
Deerfield Beach, Florida 33441

Phone: (866) 666-3362
www.domanimotorcars.com

# VEHICLE PURCHASE ORDER

## Domani Motor Cars, Inc.

70 SW 10th St.
Deerfield Beach, Florida 33441
Phone: (954) 428-5636
Toll Free: 1-866-666-3362
Fax: (954) 428-8563

| | | | | |
|---|---|---|---|---|
| BUYER / CO-BUYER: Stephen Beam | | | | DATE: 5/8/2012 |
| ADDRESS: 1721 Lancaster | CITY: Circle | STATE: Norman OK | | ZIP CODE: 73069 |
| BUYER'S DRIVERS LICENSE | DATE OF BIRTH | CO-BUYER'S DRIVERS LICENSE | | DATE OF BIRTH |
| RESIDENCE PHONE | BUSINESS PHONE: 405 476 2326 | MILAGE: 56537 | | E-MAIL: |
| YEAR: 1970 | MAKE: Chev. | MODEL: Chevelle | BODY TYPE | COLOR: Black |
| STOCK NUMBER | CYLINDERS | VEHICLE IDENTIFICATION NUMBER: 136370F169985 | SALESPERSON'S NAME: Mia | |

Subject to the terms and conditions below and on the reverse side of this Order, Domani Motor Cars, Inc. ("Dealer") agrees to sell and buyer(s) agrees to purchase the following vehicle.

☐ NEW / BROKERED ☒ USED ☒ CAR ☐ TRUCK

| | | |
|---|---|---|
| LIST PRICE AS EQUIPED | $ 26000 | 00 |
| TOTAL VEHICLE & ACCESSORIES | $ | |
| TRADE-IN ALLOWANCE | $ | |
| TRADING DIFFERENCE OR NO TRADE PRICE | $ | |
| SHIPPING | $ | |
| TITLE TRANSFER FEE | $ 25. | 00 |
| DEALER CONVEYANCE FEE | $ 899. | 00 |
| LOST TITLE APPLICATION $100 | | |
| TAX | Out of State | |
| LICENSE FEE | $ | |
| TRADE PAYOFF | $ | |
| GRAND TOTAL | $26924 | 00 |
| TOTAL DEPOSITS | $ 2000 | 00 |
| BALANCE FINANCED | $24924 | 00 |
| DATE | $ | |

### IMPORTANT NOTICE CONCERNING INSURANCE

Buyer (s) must have insurance for liability for injury to person or damage to property of others ( PL &PD) in order to take title to the vehicle.

Buyers (s) Note: Neither accident and health insurance nor credit life insurance provided PL & PD coverage. If a credit sale buyer is required to maintain collision insurance on the vehicle during the term of the finance contract.

A buyer over the age of 65 years may not be eligible for either credit life insurance or accident and health insurance. Buyer is not required to obtain accident and health insurance or credit life insurance. However if desired, buyer may choose the agent from which said insurance will be obtained.

### IMPORTANT NOTICE CONCERNING DEPOSIT

Buyer acknowledges that he or she has paid to Domani Motor Cars, Inc. $ ________, Domani Motor Cars, Inc. hereby acknowledges receipt of a deposit for the motor ("Vehicle") listed on the face of this Vehicle Purchase Order. Domani Motor Cars, Inc. will hold the vehicle from other sale for 0 days pending consummation of the purchase and sale contract. Buyer further acknowledges that this good faith deposit is nonrefundable. Buyer's Initials: ________

**LOST TITLE FEE $ 100.00 (CUST. INIT.) X**

Outside Lien To: Sold AS IS

**ADDITIONAL $ 100 FEE FOR PAYMENT BY DRAFT**

**1ST TRADE-IN DESCRIPTION AND ALLOWANCE**

Year ______ Make ______ Model ______
VIN ______ Mileage ______
Color ______ Stock No ______ Title ______
TRADE-IN ALLOWANCE $
LESS BALANCE OWED ON TRADE-IN $
NET ALLOWANCE ON TRADE IN $
Balance Owed to: ______
Address: ______
Account No.: ______
Info. From: ______ Good Thru: ______

**2nd TRADE-IN DESCRIPTION AND ALLOWANCE**

Year ______ Make ______ Model ______
VIN ______ Mileage ______
Color ______ Stock No ______ Title ______
TRADE-IN ALLOWANCE $
LESS BALANCE OWED ON TRADE-IN $
NET ALLOWANCE ON TRADE IN $
Balance Owed to: ______
Address: ______
Account No.: ______
Info. From: ______ Good Thru: ______

### IMPORTANT BUYER INFORMATION

1. Unless dealer furnishes buyer with dealer's handwritten warranty or service agreement (see reverse side), all goods, service and vehicle sold hereunder are sold "AS IS". Warranties, if any, on dealer installed accessories are provid[...] the manufacturer or supplier of such accessories is responsible for per[...] under any such warranty. This limitation in no way effects the vehicle m[...] warranto, if any.
2. Preparation and Service includes: Detail, oil, gas and mis[...]
3. Warranty not required to purchase.
4. THE SALES PERSON HAS NO AUTHORITY TO MAKE A[...] REPRESENTATIONS UNLESS THEY ARE WRITTEN ON T[...] AND APPROVED BY DEALER'S AUTHORIZE REPRESENTATIVE.
5. THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON THE REVERSE SIDE ARE PART OF THIS ORDER
6. Unless otherwise noted, the buyer's name listed on line (A) below is the [re]gistered owner of the vehicle. If credit life insurance and/or accident and [heal]th insurance is selected, the registered owner of this vehicle is the [insure]d.
[...] "The information you see on the window form for this vehicle is part of this contract of sale".
[...] Customer has the right to order vehicle without dealer options.
[...] [Ve]hicle emission test includes state fees, plus transportation cost.

BUYER R[...]TION

Buyer certifies that no credit has been either extended to him by Dealer or a[...] by Dealer for the cash down payment unless it appears in writing on the face of this Order. The front and back of this Order comprise the entire ag[reement] [concern]ing this Purchase and no other agreement or understanding of any nature concerning same has been made or entered into or will be recognized. I [AGREE TO] THE TERMS AND CONDITIONS PRINTED ON THE BACK OF HEREOF AND AGREE TO SAID TERMS AND CONDITIONS AS PART OF T[HIS ORDER A]ND AS IF IT WERE PRINTED ABOVE MY SIGNATURE. Buyer's Initials: ________ Date: ________, I certify that I am 18 years of ag[e] or older, and hereby acknowledge receipt of a copy of this Order.

This order shall not become binding until dealer's representative's signature appears here X ______
Date: ______

Signed: (A) ______ Buyer
(B) ______ Buyer

EXHIBIT "B"

# VEHICLE PURCHASE ORDER

**Domani Motor Cars, Inc.**

70 SW 10th St.
Deerfield Beach, Florida 33441
Phone: (954) 428-5636
Toll Free: 1-866-666-3362
Fax: (954) 428-8563

| BUYER / CO-BUYER | | | DATE |
|---|---|---|---|
| STEPHEN BEAM | | | 05/08/2012 |
| ADDRESS | CITY | STATE | ZIP CODE |
| 1721 LANCASTER CIRCLE | NORMAN, OK 73069- | | |

| BUYER'S DRIVERS LICENSE | DATE OF BIRTH | CO-BUYER'S DRIVERS LICENSE | DATE OF BIRTH |
|---|---|---|---|
| | | | |

| RESIDENCE PHONE | BUSINESS PHONE | MILAGE | E-MAIL: |
|---|---|---|---|
| 405-476-2326 | | Exempt | |

| YEAR | MAKE | MODEL | BODY TYPE | COLOR |
|---|---|---|---|---|
| 1970 | CHEV | CHEVELLE | 2 DR | BLACK |

| STOCK NUMBER | CYLINDERS | VEHICLE IDENTIFICATION NUMBER | SALESPERSON'S NAME |
|---|---|---|---|
| 69985 | | 136370F169985 | GARY MIZIA |

Subject to the terms and conditions below and on the reverse side of this Order. Domani Motor Cars, Inc. ("Dealer") agrees to sell and buyer(s) agrees to purchase the following vehicle.

☐ NEW / BROKERED ☒ USED ☐ CAR ☐ TRUCK

| | | |
|---|---|---|
| LIST PRICE AS EQUIPED | $ | 26000.00 |
| | | |
| | | N/A |
| TOTAL VEHICLE & ACCESSORIES | $ | 26000.00 |
| TRADE-IN ALLOWANCE | $ | N/A |
| TRADING DIFFERENCE OR NO TRADE PRICE | $ | 26000.00 |
| SHIPPING | $ | |
| TITLE TRANSFER FEE | $ | 25.00 |
| DEALER CONVEYANCE FEE | $ | 899.00 |
| LOST TITLE APPLICATION $100 | | ~~25.00~~ |
| TAX | $ | N/A |
| | | |
| LICENSE FEE | $ | N/A |
| TRADE PAYOFF | $ | N/A |
| GRAND TOTAL | $ | 26924.00 |
| TOTAL DEPOSITS | $ | 2000.00 |
| BALANCE FINANCED | $ | 24924.00 |
| DATE 05/08/2012 | $ | 24924.00 |

**IMPORTANT NOTICE CONCERNING INSURANCE**

Buyer (s) must have insurance for liability for injury to person or damage to property of others ( PL &PD) in order to take title to the vehicle.

Buyers (s) Note: Neither accident and health insurance nor credit life insurance provided PL & PD coverage. If a credit sale buyer is required to maintain collision insurance on the vehicle during the term of the finance contract.

A buyer over the age of 65 years may not be eligible for either credit life insurance or accident and health insurance. Buyer is not required to obtain accident and health insurance or credit life insurance. However if desired, buyer may choose the agent from which said insurance will be obtained.

**IMPORTANT NOTICE CONCERNING DEPOSIT**

Buyer acknowledges that he or she has paid to Domani Motor Cars, Inc. $ 2000.00, Domani Motor Cars, Inc. hereby acknowledges receipt of a deposit for the motor ("Vehicle") listed on the face of this Vehicle Purchase Order. Domani Motor Cars, Inc. will hold the vehicle from other sale for 0 days pending consummation of the purchase and sale contract. Buyer further acknowledges that this good faith deposit is nonrefundable. Buyer's Initials: ________ Please Initial

**LOST TITLE FEE $ 100.00 (CUST. INIT.) X**

Outside Lien To:

**ADDITIONAL $ 100 FEE FOR PAYMENT BY DRAFT**

**1ST TRADE-IN DESCRIPTION AND ALLOWANCE**

Year ________ Make ________ Model ________
VIN ________ Mileage ________
Color ________ Stock No ________ Title ________

| | | |
|---|---|---|
| TRADE-IN ALLOWANCE | $ | N/A |
| LESS BALANCE OWED ON TRADE-IN | $ | N/A |
| NET ALLOWANCE ON TRADE IN | $ | N/A |

Balance Owed to: ________
Address: 00000-0000
Account No.: ________
Info. From: ________ Good Thru: ________

**2nd TRADE-IN DESCRIPTION AND ALLOWANCE**

Year ________ Make ________ Model ________
VIN ________ Mileage ________
Color ________ Stock No ________ Title ________

| | | |
|---|---|---|
| TRADE-IN ALLOWANCE | $ | N/A |
| LESS BALANCE OWED ON TRADE-IN | $ | N/A |
| NET ALLOWANCE ON TRADE IN | $ | N/A |

Balance Owed to: ________
Address: 00000-0000
Account No.: ________
Info. From: ________ Good Thru: ________

**IMPORTANT BUYER INFORMATION**

1. Unless dealer furnishes buyer with dealer's handwritten warranty or service agreement (see reverse side), all goods, service and vehicle sold hereunder are sold "AS IS". Warranties, if any, on dealer installed accessories are provided by the manufacturer or supplier of such accessories is responsible for performance under any such warranty. This limitation in no way effects the vehicle manufacturer's warranto, if any.
2. Preparation and Service Includes: Detail, oil, gas and misc. charges.
3. Warranty not required to purchase.
4. THE SALES PERSON HAS NO AUTHORITY TO MAKE ANY PROMISES OR REPRESENTATIONS UNLESS THEY ARE WRITTEN ON THIS ORDER AND APPROVED BY DEALER'S AUTHORIZE REPRESENTATIVE.
5. THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON THE REVERSE SIDE ARE PART OF THIS ORDER
6. Unless otherwise noted, the buyer's name listed on line (A) below is the registered owner of the vehicle. If credit life insurance and/or accident and health insurance is selected, the registered owner of this vehicle is the insured.
7. "The information you see on the window form for this vehicle is part of this contract of sale".
8. Customer has the right to order vehicle without dealer options.
9. Vehicle emission test includes state fees, plus transportation cost.

**BUYER REPRESENTATION**

Buyer certifies that no credit has been either extended Dealer or arranged for him by Dealer for the cash down payment unless it appears in writing on the face of this Order. The front and back of this Order comprise the entire agreement affecting this Purchase and no other agreement or understanding of any nature concerning same has been made or entered into or will be recognized. I HAVE READ THE TERMS AND CONDITIONS PRINTED ON THE BACK OF HEREOF AND AGREE TO SAID TERMS AND CONDITIONS AS PART OF THIS ORDER AND AS IF IT WERE PRINTED ABOVE MY SIGNATURE. Please Initial

Buyer's Initials: ________ Date: ________. I certify that I am 18 years of age or older, and hereby acknowledge receipt of a copy of this Order.

This order shall not become binding until dealer's representative's signature appears here X ________

Date: 05/08/2012

Signed: (A) X ________

(B) ________

EXHIBIT C