**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:12-62221-CIV-ROSENBAUM/SELTZER**

STEPHEN BEAM, an individual,

      Plaintiff,

vs.

DOMANI MOTOR CARS, INC.,
a Florida corporation,

      Defendant.

_____/

**MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Plaintiff, Stephen Beam, an individual ("Mr. Beam"), by and through his undersigned

attorney, pursuant to Rule 7.1C, Local Rules of the United States District Court for the Southern

District of Florida, files his Memorandum of Law in Opposition to the Motion to Dismiss [DE 9]

filed herein by Defendant, Domani Motor Cars, Inc., a Florida corporation ("Domani Motors" or

"Dealership"):

## I.  INTRODUCTION

### A.  SYNOPSIS OF COMPLAINT ALLEGATIONS

The instant action was brought by Mr. Beam against Domani Motors for *inter alia*

violation of federal and state consumer protection statutes arising out of the purchase of a 1970

Chevrolet Chevelle SS 454, VIN:  136370F169985 ("Chevelle" or "Vehicle"). As more

particularly described in the Complaint, at the time of the purchase of the Vehicle, the Dealership

represented, both by way of advertisements and purchase documents, that the mileage for the

Chevelle was 56,537 (Complaint - ¶9; ¶¶15-18). Contrary to the representations of the Dealership, the mileage for the Chevelle was greatly in excess of that represented by the Dealership. Indeed, shortly after purchasing the Vehicle, Mr. Beam discovered that the odometer for the Chevelle was stuck at 56,537 (Complaint - ¶23). When Mr. Beam confronted the Dealership, the Dealership acknowledged that the Dealership knowingly sold Mr. Beam the Chevelle with an inoperable odometer (Complaint - ¶ 25).

As a result of the business practices of Domani Motors, Mr. Beam has filed a Complaint herein seeking damages against Defendant under the Federal Odometer Act, 49 U.S.C. §32701, *et sequi* (Count I), and for state law claims for relief (Counts II -VI). With respect to the claim under the Odometer Act, Mr. Beam has alleged that the Dealership operated the Chevelle on the streets, roads or highways with a disconnected and inoperable odometer with the intent to defraud potential customers such as Mr. Beam (Complaint - ¶34). Further, Mr. Beam has alleged by information and belief that the odometer of the Chevelle was either tampered with or was replaced without compliance with the requirements of the Odometer Act by Domani Motors (Complaint - ¶27).

### B.  SYNOPSIS OF APPLICABLE FEDERAL CONSUMER LAW

### 1.  Overview of Odometer Act

Congress passed the Odometer Act [1] to prevent fraud in the sale of motor vehicles. The Congressional intent in passing the Act was to prevent odometer tampering and to provide other general safeguards for the protection of consumers. 49 U.S.C. §32701(b).

The Act has four major substantive provisions relating to odometers:

---

[1] Previously known as the "Motor Vehicle and Information Cost Savings Act."

- the Act prohibits odometer tampering, advertising or selling odometer fraud devices, and operating a vehicle knowing the odometer is not functioning, 49 U.S.C. §32703;

- the Act establishes procedures to follow when a motor vehicle repair results in the change of an odometer reading, 49 U.S.C. §32704;

- the Act requires that each time a vehicle is transferred, that the transfer disclose the odometer reading and whether the odoemter reading is accurate, 49 U.S.C. §32705; and

- the Act prohibits parties from conspiring to violate any of the Act's provisions, 49 U.S.C. §32703(4).

**The federal claims in this lawsuit are based on Domani Motors' violation of the Act's anti-tampering requirements of 49 U.S.C. §32703, not on a claim of non-disclosure under 49 U.S.C. §32705.**

In its Motion to Dismiss, Domani Motors erroneously believes that the Chevelle — a vehicle more than ten (10) years old — was exempt from all the requirements of the Federal Odometer Act.  Contrary to the position of Domani Motors, the other provisions of the Odometer Act, such as prohibiting odometer tampering and using a vehicle with an inoperable odometer still apply to Domani Motors. As a clear demonstration of the gravity of the foregoing, car dealers are routinely prosecuted by the federal government for tampering with the odometers of so-called "exempt" vehicles.  *See, e.g., United States Department of Justice Press Release, Office of Public Affairs, Baton Rouge, Louisiana,* "Man Pleads Guilty to Odometer Tampering Charges," Thursday, May 3, 2012 [Discussion of criminal prosecution of motor vehicle dealer

that tampered with odometers for vehicles more than 10 years of age. According to the Acting

Assistant Attorney General for the District of Louisiana, Stuart F. Delery, "Just because a car

dealer does not have to certify the mileage on cars he sells, that does not give him license to roll-

back odometers."  Press release available at http:// www.justice.gov/printf/PrintOut3.jsp.]; *see,*

*e.g., U.S. Department of Justice Press Release, Washington, D.C.;* "Buford, Georgia Man

Sentenced to 18 Months Prison for Rolling Back Odometers in Scheme that Defrauded Local Car

Buyers, Friday, October 17, 2008 ["Because of the age of the cars, Cole was not required to sign

a disclosure certifying the mileage on these 10 year old vehicles as accurate, but each time he

altered an odometer - with the intent to change the mileage on the odometer, he violated federal

law."  Press release available at http://www.justice.gov/opa/pr/2008/October/08-civ-932.html].

### 2. *The Courts Broadly Construe and Vigorously Enforce the Odometer Act*

The Odometer Act is to be broadly and vigorously applied to accomplish the Act's

purposes. "The statute is obviously remedial in nature and should be broadly construed to

effectuate its purpose." *Ryan v. Edwards*, 592 F.2d 756, 759-60 (4th Cir. 1979); *Hughes v. Fox*,

814 F.2d 498, 501 (8th Cir. 1987); *Sarratore v. Longview Van Corp.*, 666 F. Supp 1257 (N.D.In.

1987); *Stien v. Park Pontiac*, 391 F.Supp 397 (S.D. W.Va. 1975)  A broad construction of the

federal Act serves an important public policy. Congress sought to require accurate odometer

statements and other pertinent information concerning motor vehicles to penalize those that

engage in odometer tampering and related wrongdoing. The provision of specific statutory

obligations, a private right of action, minimum statutory damages, treble damages and attorneys

fees to the prevailing plaintiffs all evince a policy of encouraging private litigation to foster a

specific public policy. Compare, *Ives v. City of Riviera Beach*, 166 F.3d 1332 (11th

Cir.1999)[liberal construction of term employer in Title VII action]; *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 707 (11ᵗʰ Cir.1998) ["in this case, we examine TILA [Truth in Lending Act], a consumer protection statute which … is remedial in nature and therefore must be construed liberally in order to best serve Congress' intent]; *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11ᵗʰ Cir.1985) [in the context of a Fair Debt Collection Practices Act claim, 11ᵗʰ Circuit adopted more liberal "least sophisticated consumer" standard as opposed to "reasonable consumer" standard in evaluating collector conduct]; *Jordan v. Transnational Motors*, 537 NW 2d 471 (1995) [Magnuson-Moss Act to be liberally construed as remedial statute].

As a salient example of the broad scope of the Act, the Act provides for a civil enforcement action without a restriction on the class of persons entitled to sue. 49 U.S.C. §32710. A person suing need not have been damaged; there is a minimum statutory award of $10,000.00 to encourage persons who discover and act on violations. *Evans v. Paradise Motors, Inc.*, 1121 F. Supp. 250 (N.D. Ca.1989).

In Evans, an offeree who did not purchase a tampered car was held to be entitled to sue the dealership. The District Court for the Northern District of California stated:

> The aggressive statutory scheme suggests a generous reading of the standing requirement … the most effective private attorneys general are the most vigilant, those that will detect the fraud at the earliest opportunity. Certainly Congress did not intend to prevent this class from representing the public in the court."

Id. at 251.

As discussed below, the application of the Act to the facts of the instant case — the advertisement and sale over the internet of a vehicle with an inoperable odometer — is especially appropriate.

## II.  STANDARD OF REVIEW

Until recently, federal courts routinely followed the pleading rules set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, pursuant to the recent United States Supreme Court opinion in *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955 (2007), to survive a motion to dismiss, a complaint must now contain factual allegations that sufficiently "raise a right to relief above a speculative level." *Twombly*, 127 S. Ct. at 1965.  As under *Conley*, the complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Id*. at 1964-65; *see*, *Stephens v. Dept. of Health and Human Services*, 901 F.2d 1571, 1573 (11th Cir.1990). A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all the necessary factual allegations. *Id*.  Accordingly, a well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." *Id*. at 1965.

## III.  LEGAL ARGUMENT

### A.  MR. BEAM HAS PROPERLY SET FORTH A CLAIM FOR VIOLATION OF THE NON-DISCLOSURE REQUIREMENTS OF THE ACT.

#### 1.  *In its Motion to Dismiss, Domani Motors overlooks the well-pled factual basis for the Odometer Act claim.*

In its Motion to Dismiss, Domani Motors argues without authority that "the provisions of this statute expressly do not apply to vehicles manufactured in a model year ten years before the date of sale." (Motion to Dismiss - p.2). As such, Domani Motors fails to recognize that the Act through the National Highway and Traffic Safety Administration ("NHTSA") only exempted

-6-

certain vehicles from the disclosure requirements of the Act. But even a vehicle exempt from the disclosure requirements is still covered by the Act's other provisions.

To be sure, the Act's disclosure requirements are central to the Act's effectiveness. The Act requires that a person transferring a motor vehicle's title must give the transferee a written disclosure of the mileage registered by the odometer or disclosure that the mileage is unknown if the transferor knows that the mileage registered by the odometer is incorrect. *See,* 49 U.S.C. §32705(a). Pursuant to the authority of the Act, NHTSA issued regulations which exempted *inter alia* vehicles that were ten years old or older. *See,* 49 C.F.R. §580.17(a)(3). Such vehicles are typically referred to as "exempt" vehicles. However, the so-called "exemption" does not extend to the other provisions of the Act.

### 2. The Plain Reading of the Act Demonstrates that Congress Limited the NHTSA Exemption to Disclosure Violations

The Act provides that a person may not "disconnect, reset, alter or have disconnected, reset, or altered an odometer of a motor vehicle intending to change the mileage registered by the vehicle." 49 U.S.C. §32703(2). Further, the Act provides that a person may not, with the intent to defraud, "operate a motor vehicle on the street, road, or highway if the person knows that the odometer of the vehicle is disconnected or not operating." 49 U.S.C. §32703(3).

The non-disclosure sections of the Act do not contain a limitation for "exempt vehicles" as asserted by Domani Motors. The limitation is contained only in 49 U.S.C. §32705. The case law cited by Domani Motors does not support the claimed limitation.

The Eleventh Circuit in analyzing the Odometer Act in the seminal case of *Owens v. Samkle Automotive, Inc.,* 425 F.3d 1318 (11th Cir.2005), addressed statutory interpretation:

On its face, this statute's meaning is direct, clear and unambiguous.

No language limits the meaning of the clause "with intent to defraud." Absent any such limitation, the statute's meaning is clear — if you violate the Odometer Act, and you do so with the intent to defraud your victim in any respect relating to the Odometer Act or the regulations passed pursuant to it, you are liable. Thus, the statute's plain language does not admit to the district court's limiting construction, which reads words into the statute that do not exist. *United States v. Fischer,* 289 F.3d 1329, 1338 (11th Cir.2002) ("If the statute's meaning is plain and unambiguous, there is no need for further inquiry. The plain language is presumed to express congressional intent and will control a court's interpretation."). To augment the statutory language with an additional element, never mentioned by Congress, that the fraud must be "with respect to the vehicle's mileage" violates the cardinal rule of statutory construction.

*Id.* at 1321 [footnotes omitted].

As stated above, Congress enacted the Act to "provide safeguards" to curtail odometer tampering. To allow Domani Motors to evade regulatory safeguards would necessarily undermine the overall efficacy of the Act. This position is especially compelling in light of the remedial nature of the Act, which should be interpreted broadly and liberally, as with all consumer statutes.

## B.  THE NHTSA REGULATIONS DO NOT EXEMPT TRANSFERS FROM THE ACT'S ODOMETER TAMPERING PROVISIONS.

The NHTSA regulations exempt transfers of certain motor vehicles from the Act's *disclosure* requirements.  The regulations do *not* exempt these motor vehicles from the Act's requirements concerning odometer tampering and alteration of an odometer during repair.  *See*, e.g., *Katz v. Orlick,* 4933WL149021 (M.D. Ill. 1993), aff'd., 89 F.3d 838 (7th Cir. 1996)[exemption applies to disclosure requirements and not to allegations of odometer tampering]; *see,* also, *Harris v. O'Connor Truck Sales, Inc.*, 153 F.Supp 2d 584 (E.D. Penn. 2001)[same result under state odometer statute with identical language].

In *Katz*, a car buyer purchased a 1982 Cadillac Eldorado which the seller represented had "about 64,000" miles. *Katz,* 1993 WL149021 at *1. After purchasing the vehicle, the car buyer learned through a title search that the seller had acquired the vehicle in July, 1992 with a stated mileage of 94,000. *Id.*

In his action against the seller, the car buyer alleged that the seller violated the Odometer Act by *inter alia* altering the odometer reading. In response, the seller claimed that the vehicle was exempt by the requirements of the Act as the vehicle was more than ten (10) years of age. In rejecting the claimed exemption, the United States District Court for the Northern District of Illinois stated:

> Orlick's claim of exemption is not applicable to Katz' claims against him.
> Orlick cites 49 C.F.R. §580.6(3) (1991) ("section 580.6(3)"), which states that any
> car ten years old or greater is exempt from the disclosure requirements for
> cumulative mileage mandated by 15 U.S.C.A. §1988 (West 1982) ("section
> 1988"). Orlick claims that because the Cadillac was over ten years old on the date
> of sale, Katz cannot state a claim against him. Katz, however, does not claim that
> Orlick violated section 1988, the only section to which the exemption set out in
> §580.6(3) applies. Rather, Katz sues under 15 U.S.C.A. §1984, which provides
> that "[n]o person shall disconnect, reset, or alter or cause to be disconnected,
> reset, or altered, the odometer of any motor vehicle with intent to change the
> number of miles indicated thereon." Under 15 U.S.C.A. §1989(a), Katz may sue
> for civil damages for Orlick's alleged violation of section 1984 in the amount of
> three times actual damages or $1,500, whichever is the greater. No regulation

provides Orlick an exemption from sections 1984 and 1989.  Because Orlick's

argument under section 580.6(3) is misplaced, we decline to grant his motion for

summary judgment on this ground.[2]

The reasoning in the *Katz* opinion is in accordance with the plain reading of the Act.

Thus, the reasoning of *Katz* should be followed.

### IV.   CONCLUSION

Mr. Beam has stated a cause of action against Domani Motors for violation of the Federal

Odometer Act as a result of its sale of a vehicle with a non-functioning odometer. The Act

proscribes the operation of motor vehicles on the streets, roads, or highways with a disconnected

or inoperable odometer with the intent to defraud. The practice of Domani Motors of evading

liability by claiming that the Vehicle is "exempt" would eviscerate the non-disclosure

requirements of the Act.

Based on the foregoing, it is respectfully submitted that the Court deny the Motion to

Dismiss and direct such other and further relief as justice may require.


/s/ Robert W. Murphy
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
E-mail:rphyu@aol.com

---

[2]The amendments to the Odometer Act resulted in the sections for the Act being
renumbered.

-10-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 9, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on Thomas A. Berger, Esquire, Boyd & Jenerette, P.A., 200 S. Andrews Avenue, Suite 501, Fort Lauderdale, FL 33301, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

/s/ Robert W. Murphy
Attorney