UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62221-CIV-ROSENBAUM/SELTZER

STEPHEN BEAM, an individual,

    Plaintiff,

vs.

DOMANI MOTOR CARS, INC.,
a Florida corporation,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

    Based on an advertisement representing the mileage of a 1970 Chevrolet Chevelle to be 56,537 miles, Plaintiff Stephen Beam purchased the advertised vehicle from Defendant Domani Motor Cars, Inc. Shortly after procuring the car, however, Beam realized that the odometer was stuck at 56,537 miles and attempted to return the Chevelle. Defendant refused to accept the return, and this lawsuit followed. In it, Plaintiff alleges violations of state law and of the disclosure and tampering provisions of the federal Odometer Act, 49 U.S.C. § 32701, *et seq.* In response, Defendant invokes an exemption under the Odometer Act for cars older than ten years at the time of sale and seeks dismissal of this case from federal court. *See* D.E. 9. For the reasons set forth below, the Court now grants in part and denies in part Defendant's Motion to Dismiss.

**I. BACKGROUND**

    On November 12, 2012, Plaintiff filed a six-count Complaint against Defendant Domani Motor Cars, Inc. ("Domani"). Plaintiff's Complaint arises out of a series of events that began in

April 2012 when Plaintiff "came upon the website of Domani Motors . . . ." D.E. 1 at ¶ 6. Plaintiff, an enthusiast of "muscle cars" from the late 1960s and '70s, asserts that Domani's website offered for sale a 1970 Chevrolet Chevelle SS 454 ("Chevelle"). *Id.* at ¶ 7. According to Plaintiff, the advertisement stated that the Chevelle's mileage was 56,537. *Id.* at ¶ 8.

After Plaintiff reviewed the online advertisement and contacted Domani for more information, he alleges, Domani "affirmatively and repeatedly represented that the [Chevelle's] mileage was 56,537." *Id.* at ¶ 13. The parties then negotiated the Chevelle's price, and Plaintiff agreed to purchase the car for $26,000. *Id.* at ¶ 14. Domani faxed Plaintiff a purchase order dated May 7, 2012, which specified that the Chevelle's mileage was 56,537. *Id.* at ¶¶ 15-16; *see also id.* at 17.[1] Plaintiff contends that he executed the purchase order and faxed it back to Domani because he believed that "he was purchasing a low-mileage Chevelle at a fair value . . . ." *Id.* at ¶ 17.

After receiving the first purchase order, Plaintiff alleges, Domani then informed Plaintiff that he "would need to sign a second contract that was dated [] May 8, 2012—the supposed date of sale." *Id.* at ¶ 19. Plaintiff executed the second contract—another purchase order that was nearly the same in substance to the first —and returned it to Domani. *Id.* at ¶ 20. Because he did not "suspect[] that [Domani] was attempting to defraud him," Plaintiff contends, he did not realize that Domani "had removed the mileage representation that was contained in the initial [purchase order] and inserted at the place designated for 'mileage' the word 'exempt.'" *Id.* at ¶¶ 20, 22; *see also id.* at 18.

Plaintiff later picked up the Chevelle at Domani's dealership. *Id.* at ¶ 23. After driving a few

---

[1]"On a motion to dismiss, the Court may consider documents attached to the Complaint or directly referred to in the Complaint. Exhibits attached to a Complaint are properly considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion." *Jordan v. Miami-Dade Cnty.*, 439 F. Supp. 2d 1237, 1240 (S.D. Fla. 2006) (citing *Solis-Ramirez v. United States Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985)); *see also* Rule 10(c), Fed. R. Civ. P.

miles, however, Plaintiff alleges that he "discovered for the first time that the odometer was stuck at 56,537 miles." *Id.* Plaintiff asserts that he questioned Domani about the odometer discrepancy, at which time Domani acknowledged that it "had knowingly sold [Plaintiff] the Chevelle with an inoperable odometer." *Id.* at ¶¶ 24-25. Although Plaintiff asked to return the Chevelle and receive a full refund, Domani refused to issue a refund "based on the erroneous belief that the Chevelle—a vehicle more than ten (10) years old—was exempt from the requirements of the [Federal Motor Vehicle Information and Cost Savings Act.]" *Id.* at ¶¶ 26-28. Plaintiff then filed his Complaint against Defendant.

In Count I of his Complaint, Plaintiff alleges various violations of the Federal Motor Vehicle Information and Cost Savings Act ("Odometer Act" or "Act"), 49 U.S.C. § 32701, *et. seq.* First, he contends that Defendant violated 49 U.S.C. § 32703, which prohibits tampering with an odometer and operating a vehicle with a disconnected or inoperable odometer with the intent to defraud. *See* D.E. 1 at ¶¶ 32-36. In addition, he claims that Defendant may have failed to comply with 49 U.S.C. § 32704, which governs the procedures that a vehicle owner must follow when service or replacement of an odometer results in a change in the odometer's reading. *See id.* Plaintiff also asserts that Defendant violated 49 U.S.C. § 32705 by making a false statement to the transferee of a motor vehicle. *Id.* at ¶ 36. Finally, Plaintiff sets forth state-law causes of action for violation of the Florida Deceptive and Unfair Trade Practices Act; fraud; negligent misrepresentation; fraudulent inducement; and breach of express warranty.

In response to Plaintiff's Complaint, Defendant filed the pending Motion to Dismiss. In support of its Motion, Defendant asserts that the provisions of the Odometer Act "expressly do not apply to vehicles manufactured in a model ten years before the date of sale." D.E. 9 at ¶ 3. Because

the Chevelle was made in 1970, Defendant argues that the Act is inapplicable to the vehicle and Plaintiff cannot bring an action under the Odometer Act against Defendant. Furthermore, since the Odometer Act "was the only basis for federal jurisdiction set forth in the Complaint," Defendant concludes that the rest of Plaintiff's claims must be dismissed pursuant to Rule 12(b)(1), Fed. R. Civ. P.[1]

In response, Plaintiff argues that its federal claims against Defendant "are based on Domani Motors' violation of the Act's anti-tampering requirements of 49 U.S.C. § 32703, not on a claim of non-disclosure under 49 U.S.C. § 32705." D.E. 11 at 3. Plaintiff contends that only the latter contains an exemption for vehicles ten years old or older. *Id.* at 7.

## *II. DISCUSSION*

### A. Standard on a Motion to Dismiss

Defendant brings its Motion to Dismiss pursuant to Rule 12(b)(1), Fed. R. Civ. P. Its argument against Plaintiff's Odometer Act claim, however, appears to arise out of Rule 12(b)(6), which governs motions to dismiss for failure to state a claim. Rule 12(b)(6) provides, in relevant part,

> **(b)** **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> **(6)** failure to state a claim upon which relief can be granted; . . . .

*Id.* Thus, the Court considers the Federal Rules of Civil Procedure as they set forth the requirements for stating a claim.

---

[1] Rule 12(b)(1) allows a party to move for dismissal of a claim based on lack of subject-matter jurisdiction.

Rule 8(a)(2), Fed. R. Civ. P., demands that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint need not provide detailed factual allegations, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 958 (11th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Similarly, "naked assertion[s] bereft of "further factual enhancement" do not suffice. *Twombly*, 550 U.S. at 555, 557. As the Supreme Court has explained, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "Moreover, the facts supporting the claim must be 'consistent with the allegations in the complaint.'" *Wilchombe*, 555 F.3d at 958 (quoting *Twombly*, 550 U.S. at 562).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true. *Bell v. J.B. Hunt Transp., Inc.*, 427 F. App'x 705, 707 (11th Cir. 2011) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 72 (1984)). The Court must also draw all reasonable inferences in the plaintiff's favor. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1194 (11th Cir. 2007). But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Bell*, 427 F. App'x at 707 (quoting *Jackson v. BellSouth Telecomm'ns*, 372 F.3d 1250, 1263 (11th Cir. 2004) (internal quotation marks omitted)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-51 (2009). In short, the allegations in a complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). With these standards in mind, the Court now considers Plaintiff's claim.

**B. The Odometer Act**

The Odometer Act "imposes on car dealers various requirements intended to ensure that automobile consumers are provided with accurate statements of a car's mileage." *Coleman v. Lazy Days RV Ctr., Inc.*, 2006 WL 2131303, at *3 (M.D. Fla. July 28, 2006). Finding that consumers "rely heavily on the odometer reading as an index of the condition and value of a vehicle" and "are entitled to rely on the odometer reading as an accurate indication of the mileage of the vehicle," Congress enacted the Odometer Act "to prohibit tampering with motor vehicle odometers" and "to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers." 49 U.S.C. § 32701.

Plaintiff asserts two categories of violations of the Odometer Act: (1) false disclosure of mileage and (2) tampering with the odometer. The Court discusses each in turn.

*1. 49 U.S.C. § 32705*

First, with regard to its disclosure provisions, the Odometer Act generally requires the accurate disclosure of a vehicle's mileage. *See* 49 U.S.C. § 32701. In relevant part, 49 U.S.C. § 32705(a) states,

> (1) Disclosure Requirements.— Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:
>    (A) Disclosure of the cumulative mileage registered on the odometer.
>    (B) Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.
> (2) A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure

>     required by such a regulation.
> * * *
> (4) (A) This subsection shall apply to all transfers of motor vehicles (unless otherwise exempted by the Secretary by regulation) . . . .
> * * *
> (5) *The Secretary may exempt such classes or categories of vehicles as the Secretary deems appropriate from these requirements . . . .*

(emphasis added). As pertinent to this case, the regulations implementing the disclosure parts of the Act, in turn, state, "A transferor or a lessee of any of the following motor vehicles need not disclose the vehicle's odometer mileage: . . . A vehicle that was manufactured in a model year beginning at least ten years before January 1 of the calendar year in which the transfer occurs . . . ." 49 C.F.R. § 580.17(a)(3).

Here, the vehicle in question was manufactured in 1970, so Defendant asserts that it qualifies for an exemption from the Act's disclosure requirements. Therefore, the Court examines the statutory and regulatory provisions.

"The starting point for all statutory interpretation is the language of the statute itself." *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999). If the statutory language is clear and unambiguous, the Court must end its inquiry. *Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dep't Stores, Inc.*, 15 F.3d 1275, 1283 (5th Cir.1994), *cert. denied*, 513 U.S. 1126 (1995). Section 32705(a)(2) provides, "A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation." This language prohibits only the violation of a regulation promulgated under the section or the making of a false statement in a disclosure required by a regulation adopted under the section — nothing more. Therefore, in order for Plaintiff to set forth

a claim for a violation of this part of the Odometer Act, Plaintiff must point to a regulation that Defendant's conduct violated or to a false statement in a "required" disclosure.

Plaintiff can do neither here because the regulations of the Secretary of the National Highway Traffic Safety Administration ("NHTSA"), upon which the Act relies entirely for establishing prohibited conduct, expressly exempts vehicles older than ten years at the time of sale from the disclosure requirements of the Act. While the Court is troubled that this result appears to run contrary to the stated purposes of the Odometer Act and to public policy, the Court cannot ignore the legislative history that resulted in the current version of Section 32705.

When Congress enacted Section 32705, the statute did not contain subsection (5), which authorizes the Secretary to exempt vehicles from the Act's disclosure requirements. Nonetheless, the Secretary promulgated regulations purporting to exempt certain categories of vehicles from the disclosure provisions. Courts evaluating these regulations struck them down as invalid exercises of the Secretary's authority under the Odometer Act. *See, e.g., Diersen v. Chicago Car Exch*. 110 F.3d 481, 485 (7th Cir.), *cert. denied*, 522 U.S. 868 (1997); *Lee v. Gallup Auto Sales, Inc.*, 135 F.3d 1359 (10th Cir. 1998); *Orca Bay Seafoods v. Nw. Truck Sales, Inc.*, 32 F.3d 433 (9th Cir. 1994); *Suiter v. Mitchell Motor Coach Sales, Inc.*, 151 F.3d 1275 (10th Cir. 1998); *Davis v. Dils Motor Co.*, 566 F. Supp. 1360, 1362-63 (S.D. W. Va. 1983); *Lair v. Lewis Serv. Ctr., Inc.*, 428 F. Supp. 778 (D. Neb. 1977). In so doing, the *Diersen* Court explained,

> Our holding that the older-car exemption is invalid also comports with the broad purposes of the Act, which are "to prohibit tampering with motor vehicle odometers; and to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers." . . . There is nothing in this statement of purpose to suggest that the purchasers of older vehicles are less deserving of protection than consumers who buy newer vehicles. The statutory statement of purpose, read concomitantly with the language of the Act

> (which, to reiterate, does not specify any exemptions) establishes that Congress intended to protect *all* purchasers of motor vehicles from odometer tampering.

*Diersen*, 110 F.3d at 486 (emphasis in original).

Despite this reasoning, Congress responded to the decisions declaring invalid the Secretary's exemption regulations by enacting 49 U.S.C. § 32705(a)(5) and expressly authorizing the Secretary of NHTSA to promulgate regulations exempting categories of vehicles from the disclosure requirements of the Odometer Act. *See* Pub. L. 105-178 (1998); H.R. Conf. Rep. 105-550 at 197 ("Subsection (b) responds to several recent Federal District Court decisions holding the NHTSA does not have authority to exempt vehicles from the odometer disclosure requirements . . . . This subsection specifically grants NHTSA such authority."). Thus, the language and the legislative history of Section 32705(a)(5) demonstrate beyond doubt that Congress knew that the Secretary was exempting categories of vehicles — including vehicles older than ten years — from the Odometer Act's disclosure requirements and approved of the Secretary's regulations, even in light of the stated purposes the Odometer Act to protect vehicle purchasers from odometer fraud.

Because the car at issue in this case was older than ten years at the time of sale, the Secretary's regulation exempts Defendant from the disclosure requirements, and the portion of Count I alleging a violation of Section 32705 must be dismissed. While the Court finds this result troubling — particularly in light of the facts alleged in this case, it nonetheless notes that Plaintiff is not without legal recourse. In addition to his other Odometer Act claims discussed below, Plaintiff may and does pursue various state statutory and common-law claims.

<u>2. 49 U.S.C. §§ 32703-32704</u>

As for the other aspects of Count I — those asserting violations of the tampering provisions

of the Odometer Act — Plaintiff alleges that the Chevelle "was operated on streets, roads, or highways by Defendant with a disconnected or inoperable odometer with the intent to defraud" in violation of 49 U.S.C. § 32703 and that "the odometer of the Chevelle was either tampered with or replaced without compliance under the Act by Defendant" in violation of 49 U.S.C. §§ 32703-32704.

Unlike Section 32705, Sections 32703 and 32704 contain no provision allowing the Secretary of Transportation to exempt certain classes of vehicles by regulation. Thus, as Plaintiff observes, "the other provisions of the Odometer Act, such as [those] prohibiting odometer tampering and using a vehicle with an inoperable odometer, still apply to Domani Motors." D.E. 11 at 3.

Indeed, the language of the regulation exempting cars older than ten years from the disclosure requirements clearly limits the applicability of the regulation to the disclosure requirements. *See* 49 C.F.R. § 580.17(a)(3). Thus, it is not surprising that federal courts have recognized that the ten-year exemption applies only to the Act's disclosure provisions. *See, e.g., Katz v. Orlick*, 1993 WL 149021, at *3 (M.D. Ill. 1993), *aff'd*, 89 F.3d 838 (7th Cir. 1996)[2]; *see also Coleman v. Lazy Days RV Ctr., Inc.*, 2006 WL 2131303, at *3 (M.D. Fla. July 28, 2006). Nor does Defendant point to any regulation or statute similarly exempting older vehicles from the Act's other provisions.

Finally, "the Odometer Act is remedial legislation that should be 'broadly construed to effectuate its [consumer-protection] purpose.'" *Owens v. Samkle Auto. Inc.*, 425 F.3d 1318, 1322 (11th Cir. 2005) (per curiam) (quoting *Ryan v. Edwards*, 592 F.2d 756, 760 (4th Cir.1979)). For all of these reasons, the Court declines to find an exemption where Congress has not already provided one. Accordingly, Defendant's Motion to Dismiss is denied as it relates to the tampering parts of

---

[2] *Katz* addressed an earlier version of the Odometer Act; however, the provisions at issue in the case are substantially similar to those cited in Plaintiff's Complaint.

Count I.  Because Plaintiff has stated a claim under §§ 32703-32704 of the federal Odometer Act, the Court may continue to exercise supplemental jurisdiction over Plaintiff's related state-law claims and elects to do so, as all of the claims arise from the same set of facts.  *See Owens v. Samkle Auto. Inc.*, 425 F.3d 1318, 1320 n.1 (11th Cir. 2005) (per curiam).

### *III. CONCLUSION*

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendant Domani Motor Cars, Inc.'s Motion to Dismiss [D.E. 9] is **GRANTED IN PART and DENIED IN PART** as follows:

1. Count I is dismissed only to the extent that it seeks to state a cause of action under 49 U.S.C. § 32705;

2. Defendant's Motion to Dismiss is denied in all other regards.

**DONE** and **ORDERED** at Fort Lauderdale, Florida this 11th day of February 2013.

ROBIN S. ROSENBAUM
United States District Judge

copies:

The Honorable Barry S. Seltzer
Counsel of Record